UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

KIRKPATRICK DUNBAR,                          :
                                             :
                          Plaintiff,         :
            -against-                        :
                                             :
                                             :
KORRES HOUSE LLC d/b/a THE NAXOS             :
APOTHECARY AND WING YUEN REALTY,             :
INC.,                                        :
                                             :
                                             :
                          Defendant.         :
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2023

23-CV-9976 (VEC)

NOTICE OF INITIAL
PRETRIAL CONFERENCE
FOR CASES FILED
UNDER THE
AMERICANS WITH
DISABILITIES ACT

VALERIE CAPRONI, United States District Judge:

Counsel for all parties are directed to appear before the undersigned for an Initial Pretrial

Conference ("IPTC") in accordance with Rule 16 of the Federal Rules of Civil Procedure on

**March 15, 2024 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall Courthouse,

40 Foley Square, New York, New York, 10007.

1.      **The Defendant(s)' time to move against or answer the Complaint is stayed
until the date of the IPTC, unless otherwise ordered.**

2.      Pursuant to section 2.C of the Court's Individual Practices in Civil Cases, requests

to adjourn the IPTC or any other conference must be made in writing at least **48 hours** before the

scheduled conference.  The request must state (1) the reason for the proposed adjournment;

(2) the original date of the conference; (3) the number of previous requests for adjournment;

(4) whether the other party or parties consent and, if not, the reason given for refusing consent;

and (5) proposed alternative dates for the IPTC.

3.      **Plaintiffs are encouraged to serve defendants promptly.**  Requests for adjournment of the IPTC will not necessarily be granted on the ground that one or more Defendants have not been served or answered prior to the scheduled IPTC.

4.      No later than **February 21, 2024,** the parties must meet and confer for at least one hour in a good-faith attempt to settle this case.  To the extent the parties are unable to settle the case themselves, the parties must also discuss whether further settlement discussions through the District's court-annexed mediation program or before this case's assigned Magistrate Judge would be helpful.

5.      No later than **March 7, 2024,** the parties must submit a joint letter of no more than five pages addressing the following in separate paragraphs:

(1) a brief description of the case, including the factual and legal bases for their claim(s) and defense(s),

(2) the basis for subject-matter jurisdiction,

(3) any contemplated motions, and

(4) the prospect for settlement, including

(i) a confirmation that the parties have met and conferred consistent with paragraph 3, *supra*, and

(ii) whether the parties request an immediate referral to either the court-annexed mediation program or the case's assigned magistrate judge.

Should the parties indicate that such a referral would be beneficial, the Court will ordinarily refer the case immediately to either the mediation program or a magistrate judge (consistent with the parties' stated preference) and adjourn the IPTC for sixty days or until the parties notify the Court that settlement efforts have failed, whichever is earlier.

**The parties must append to their joint letter a <u>jointly</u> proposed Civil Case Management Plan and Scheduling Order.**  The parties are directed to consult the undersigned's Individual Practices in Civil Cases, which may be found on the Court's website: https://nysd.uscourts.gov/hon-valerie-e-caproni.  The parties are directed to propose realistic and workable deadlines for discovery.  The deadlines proposed in the Court's form Case Management Plan are generally appropriate for most routine cases but may not be appropriate if there is, for example, substantial third-party discovery or e-discovery anticipated.  The parties should assume that the deadline to complete fact discovery will not be extended absent very good cause.

6.      Before the date of the IPTC, counsel for each party must (1) register as a filing user in accordance with the Procedures of Electronic Case Filing and (2) file a Notice of Appearance.

7.      Plaintiff's counsel, or the defendant's counsel in removed cases, is responsible for distributing copies of this Notice to all parties.  If the summons and complaint have already been served (or, for removed cases, the notice of removal), counsel must distribute this Notice **within five days** and file proof of such distribution **within seven days** of this Notice's issuance.  If the summons and complaint have not yet been served, Plaintiff's counsel may serve this Notice at the same time as the summons and complaint.

8.      Failure to timely comply with these procedures may result in sanctions under Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the inherent powers of the Court.


**SO ORDERED.**

**Date:  November 14, 2023**                              VALERIE CAPRONI
**      New York, New York**                         **United States District Judge**

3